MATTER OF ANDERSON

In Section 212(h) Proceedings

A-13243261

*Decided by Regional Commissioner March 17, 1967*

Motion to reconsider a section 212(h) application by a native and citizen of
Panama in the United States for a waiver of the criminal ground of exclud-
ability is denied since his application may be considered only in conjunction
with an application for adjustment of status under section 245, Immigration
and Nationality Act, as amended (8 CFR 245.1(f)) and his section 245 applica-
tion, properly adjudicated prior to December 1, 1965, does not fall within the
"savings clause" of section 3 of the Act of November 2, 1966, since on December
1, 1965 his ineligibility for such relief was not solely because of his birth in the
Western Hemisphere but also because of the criminal ground of inadmissibility.

IN BEHALF OF APPLICANT: Ira Gollobin, Esquire
1441 Broadway
New York, New York 10018

The applicant is a 45-year-old native and citizen of Panama. On
July 19, 1963 he filed an application for adjustment of status under sec-
tion 245 of the Immigration and Nationality Act, as amended. He
stated therein that he had never been charged with any violation of law.
It developed that he had in fact been convicted in Balboa, Canal Zone
on November 8, 1943 of four offenses of petit larceny. He was ineligible
for an immigrant visa and was inadmissible to the United States be-
cause of such convictions under section 212(a)(9) of the Immigration
and Nationality Act. He was therefore statutorily ineligible for the
requested adjustment of status which was originally denied by the Dis-
trict Director on November 21, 1963.

On January 10, 1964 counsel filed an application on Form I-601 for
a waiver of excludability under section 212(g), redesignated by P.L.
89-236 effective December 1, 1965 as section 212(h), in conjunction
with a motion for reconsideration of the section 245 application for
adjustment. The waiver application was based on a claim of extreme
hardship to his resident alien son, Robert, and a daughter, Gloria, by
his first marriage. The applicant had divorced his first wife on Feb-
ruary 16, 1956. He was again married on July 14, 1956 in Mexico City.

Mexico to Urania Garcia de Anderson, a citizen of Panama, and had one son Juan Javier Anderson, born in Panama City on March 1, 1960 of his second marriage. His wife and son, Juan Javier Anderson were still residing in Panama. The application for the waiver was denied as the evidence did not establish the requisite extreme hardship to the members of his immediate family in the United States. That decision of the District Director, dated August 10, 1965, also necessarily denied the motion for reconsideration of the application for adjustment of status. Our order of October 27, 1965 dismissed the appeal from the denial of the waiver application.

Counsel now moves for reconsideration of the application for the waiver of excludability only. He states the wife, Urania Garcia de Anderson, was admitted to the United States for permanent residence on May 28, 1966 and the child, Juan Javier Anderson, on January 29, 1967. Counsel asserts the applicant earns $150 a week, supports his wife and child, and that the wife is taking her Masters Degree in Education at Columbia University. No evidence has been submitted in support of the motion.

By published regulations (8 CFR 245.1(f)), an application for a waiver of excludability under section 212(h) of the Act may be made in behalf of an alien in the United States only in conjunction with an application for adjustment of status. We will review both applications here.

Subsection (c) of section 245 of the Immigration and Nationality Act was amended by section 13(b) of the Act of October 3, 1965 (P.L. 89-236) to read:

The provisions of this section shall not be applicable to any alien who is a native of *any country of the Western Hemisphere* or of any adjacent island named in section 101(b)(5). (Emphasis supplied.)

The emphasized phrase replaced the phrase "of any country contiguous to the United States". This change was effective December 1, 1965.

Section 3 of the Act of November 2, 1966 added to section 13 of the Act of October 3, 1965:

(c) Nothing contained in subsection (b) of this section shall be construed to affect the validity of any application for adjustment under section 245 filed with the Attorney General prior to December 1, 1965, which would have been valid on that date; but as to all such applications the statutes or parts of statutes repealed or amended by this Act are, unless otherwise specifically provided therein, continued in force and effect.

The application for adjustment of status was properly adjudicated when before us prior to December 1, 1965. On December 1, 1965, our applicant's ineligibility for such adjustment was not *solely* because of

his birth in the Western Hemisphere. He was also ineligible because of inadmissibility on the criminal ground and did not then qualify for a waiver thereof. His application for adjustment of status is not within the "savings clause" of the Act of November 2, 1966. We may not consider the application for a waiver of excludability independently. The motion will therefore be denied.

*It is ordered* that the motion to reopen and reconsider be denied.